1  Mathew K. Higbee, Esq., State Bar No. 241380
   Hany Gonzalez, Esq., State Bar No. 335677
2  **HIGBEE & ASSOCIATES**
   1504 Brookhollow Dr., Suite 112
3  Santa Ana, CA 92705
   (714) 617-8358
4  (714) 597-6559 facsimile
   mhigbee@higbeeassociates.com
5  hgonzalez@higbeeassociates.com

6  *Attorneys for Plaintiff,*
   TAMARA WILLIAMS
7

8

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>ANI MALKHASYAN d/b/a MOON AESTHETICS, and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. **2:21-cv-3700**<br><br>**COMPLAINT FOR**<br><br>**(1) COPYRIGHT INFRINGEMENT** |

Plaintiff Tamara Wareka p/k/a Tamara Williams, for her Complaint against Defendants Ani Malkhasyan d/b/a Moon Aesthetics and DOES 1 through 10 inclusive, alleges as follows:

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the state of California, Defendant's acts of infringement were directed towards the state of California, Defendant caused injury to Plaintiff within the state of California, and Defendant has a physical presence in the state of California.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which substantial part of the acts and omissions giving rise to the claim occurred.

## PARTIES

5. Plaintiff Tamara Williams ("Williams") is an individual and professional photographer.

6. Defendant Ani Malkhasyan d/b/a Moon Aesthetics ("Moon Aesthetics") is a business with a business address of 1160 N Central Ave, Glendale CA 91202.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

## FACTUAL ALLEGATIONS

8. Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean model portraiture featured on her highly popular Instagram account @tamarawilliams1, which has amassed over 400,000 followers.

9. Williams' portfolio includes international clients and her work has been featured in top publications such as *Vogue, Harper's Bazaar, Marie Claire, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim*, and many more. Additionally, her work has been used commercially by brands such as *NARS, KKW, Fenty*, and *Benefit*.

10. Williams is the sole author and exclusive rights holder to one photograph of model Cindy Kimberly Rubira Adsuar p/k/a Cindy Wolfie ("Wolfie Photograph").

11. Attached hereto as Exhibit A is a true and correct copy of the Wolfie Photograph.

12. Williams registered the Wolfie Photograph with the United States Copyright Office. The Wolfie Photograph is registered under Registration Number VA 2-197-148.

13. Defendant Moon Aesthetics specializes, among other things, in threading and other cosmetic procedures.

14. On or about February 21, 2020, Williams discovered her Wolfie Photograph being used by Moon Aesthetics on its Instagram Page to promote its services and portray potential results of what can be achieved with its services for non-surgical brow lifts, also referred to as cat eye lifts and ponytail lifts.

15. The Wolfie Photograph contains a unique watermark bearing the name of Williams' Instagram account, "@tamarawilliams1."

16. Attached hereto as Exhibit B is a true and correct screenshot of the use of the Wolfie Photograph on its Instagram Page.

17. In no event did Williams offer Moon Aesthetics a license to use her Wolfie Photograph in any manner.

18. Williams is informed and believes Moon Aesthetics created unauthorized copies of the Wolfie Photograph.

19. Williams is informed and believes Moon Aesthetics uploaded the Wolfie Photograph to its Instagram Page.

20. Williams has made several attempts to settle this case prior to the filing of this Complaint.

### FIRST CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101 *et seq.*

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Wolfie Photograph.

23. Plaintiff is informed and believes and thereon alleges that said Defendant willfully infringed upon Plaintiff's copyrighted Wolfie Photograph in violation of Title 17 of the U.S. Code, because, *inter alia*, the Defendant also knew or should have known that they did not have a legitimate license for the Wolfie Photograph.

24. As a result of Defendant's violation of Title 17 of the U.S. Code, Plaintiff is entitled to actual damages and profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

25. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

26. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

/ / /

/ / /

/ / /

/ / /

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Wolfie Photograph by copying, displaying, and distributing it without a license or consent;
- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;
- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;
- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;
- For pre judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated: April 30, 2021

Respectfully submitted,

**s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8358
(714) 597-6559 facsimile
*Attorney for Plaintiff*